1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

REGINALD C. HOWARD,

                       Plaintiff,

        v.

BRIAN CONNETT, ET AL.

                      Defendants.

Case No. 2:11-cv-01402-APG-GWF

### ORDER TO PRODUCE VIDEO FOOTAGE

Pending before the Court are Defendants' motion for summary judgment and Plaintiff's motion for summary judgment.[1]  (Dkt. Nos. 49, 52.)  This Order concerns Counts One and Four of Plaintiff's First Amended Complaint ("FAC," Dkt. No. 4) and the production of evidence necessary to Plaintiff's opposition to Defendants' motion.

Count One of the FAC alleges that Correctional Officers Joseph Lewis and J. Jones used excessive force against Plaintiff on January 28, 2011 and that the subsequent medical examination was tainted by Officer Lewis's intimidation of the examining nurse.  Plaintiff alleges that a video recording of the examination in the infirmary will shed light on what transpired in the infirmary and during the alleged violent encounter.  The Court agrees.  Plaintiff alleged the existence of the video footage in the FAC, and he requested it in discovery.  (Dkt. No. 4 at 9; Dkt.

---

[1] Plaintiff's motion for summary judgment also serves as his opposition to Defendants' motion for summary judgment.  The Court primarily refers to this filing as Plaintiff's opposition brief because it is drafted in the style of an opposition rather than a motion seeking affirmative relief.  For example, Plaintiff ends the brief by arguing that Defendants' motion should be denied without any argument that his motion should be granted.  (Dkt. No. 54 at 23.)

1    No. 54 at 120.) In his opposition brief, Plaintiff effectively explains in an affidavit that the

2    footage is necessary to properly oppose summary judgment. (Dkt. No. 54 at 35–37.)

3            Similarly, as to Count Four, Plaintiff indirectly contends that video footage exists of his

4    alleged physical altercation with Correctional Officer Rene Galvan in or near the law library on

5    April 19, 2011. (*See* Dkt. No. 54 at 120:20–22.) Plaintiff requested this footage in discovery and

6    he attached a copy of this request to his opposition brief. (*Id.*) Also, Plaintiff refers generally to

7    "films" in the "Conclusion" section of his opposition brief. (*Id.* at 23.)

8            In light of the Ninth Circuit's holding that "courts should construe liberally motion papers

9    and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules

10   strictly," the Court construes Plaintiff's reference to "films" and inclusion of the discovery

11   request as an averment that the video footage is necessary to properly oppose summary judgment.

12   *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010); *see also Eitel v. McCool*, 782 F.2d 1470,

13   1472 (1986) ("Cases should be decided on their merits whenever possible."). The specific

14   allegations in the FAC and in Plaintiff's opposition brief  provide the necessary context to

15   understand the importance of this video footage to Count Four and to Plaintiff's ability to oppose

16   summary judgment.

17           To the Court's knowledge, Defendants have not provided the above-described video

18   footage to Plaintiff.

19           Under Rule 56(d)(3), the Court orders Defendants to either (1) produce the video footage

20   of Plaintiff's medical examination on January 28, 2011 and of Plaintiff's interaction with Officer

21   Galvan on April 19, 2011 in or near the law library; or (2) explain why the footage is unavailable.

22   Defendants shall comply within 30 days from the date of this Order.

23

24           Dated:  December 17, 2013

25

26                                                                ANDREW P. GORDON

27                                                                UNITED STATES DISTRICT JUDGE

28