UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

REGINALD HOWARD,

    Plaintiff,

v.

BRIAN CONNETT, ET AL.,

    Defendants.

Case No. 2:11-cv-01402-APG-GWF

**ORDER DISMISSING OFFICIAL CAPACITY CLAIMS**

I. **BACKGROUND**

On February 14, 2014, the Court issued an order resolving Howard's and Defendants' motions for summary judgment.[1] In that order, the Court requested clarification about Howard's official-capacity claims against the individual defendants.[2] In response, Howard filed a brief explaining that his official-capacity claims are for injunctive relief only.[3] Defendants also filed a brief explaining that Howard is no longer in the custody of the Nevada Department of Corrections ("NDOC").[4]

Defendants also argue that the Eleventh Amendment bars Howard's official-capacity claims for monetary relief against the individual defendants. This is correct as a matter of law, but Howard is not suing any of the individual defendants in their official capacity for money damages; his claims for money damages are against the individual defendants in their personal capacity. Defendants also argue that Howard's official-capacity claims for injunctive relief are moot because Howard is no longer in NDOC custody. Finally, Defendants argue that the

---

[1] (Dkt. No. 62.)

[2] (*Id.* at 12.)

[3] (Dkt. No. 63 at 2.)

[4] (Dkt. No. 64 at 2; *see also* Dkt. No. 59 (Howard's "change of address" filing, indicating his release from prison).)

injunction Howard seeks—"enjoining the Defendants from harassing and retaliating against Plaintiff for filing the instant complaint"[5]—is precluded by the Prison Litigation Reform Act's requirement for narrowly drawn injunctive relief. Defendants are correct that the claims for injunctive relief are moot.

## II. ANALYSIS

Standing is a threshold requirement under Article III of the U.S. Constitution.[6] To have standing, a plaintiff must show (1) a concrete injury; (2) fairly traceable to the challenged action of the defendant; (3) that is likely to be redressed by a favorable decision."[7] To obtain injunctive relief, a plaintiff must also "demonstrate that he has suffered or is threatened with a 'concrete and particularized' legal harm . . . , coupled with a 'sufficient likelihood that he will again be wronged in a similar way.'"[8] To establish a sufficient likelihood of similar future harm, a plaintiff "must establish a 'real and immediate threat of repeated injury.'"[9] Generally, once a former prisoner is released from prison, she no longer has standing to sue the prison officials for injunctive relief because she is unlikely to face the same harm at the hands of those officials.[10] Standing to sue, however, is measured at the time the complaint is filed.[11] Howard was in NDOC custody when he filed suit, and thus he had standing to sue for injunctive relief.

However, Howard's request for injunctive relief fails due to mootness. "[F]ederal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists. . . . If there is no longer a possibility that a [plaintiff] can obtain relief for his claim, that claim is

---

[5] (Compl., Dkt. No. 4 at 23.)

[6] *Horne v. Flores*, 557 U.S. 433, 446 (2009).

[7] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

[8] *Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 985 (2007) (quoting *Lujan*, 504 U.S. at 560; *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).

[9] *Id.* (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)).

[10] *See Demery v. Arpaio*, 378 F.3d 1020, 1033 (9th Cir. 2004); *Mitchell v. Dupnik*, 75 F.3d 517, 527–28 (9th Cir. 1996).

[11] *Lujan*, 504 U.S. at 569 n.4.

moot and must be dismissed for lack of jurisdiction."[12] The mootness doctrine essentially requires a plaintiff to fulfill the third element of standing—redressability—for the duration of the lawsuit. The injunction Howard seeks cannot reasonably be expected to affect his present life in any way. He has not explained, and the Court doubts that he could, how the prison officials could retaliate against him for filing the Complaint now that he lives outside of prison. Therefore, Howard's claims for an injunction are moot.[13]

### III. CONCLUSION

In accord with the above, the Court hereby DISMISSES as moot Howard's official-capacity claims for injunctive relief.

DATED this 3rd day of April, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[12] *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (internal quotation marks and citations omitted).

[13] *See Mitchell*, 75 F.3d at 528.