1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Travis N. Barrick, # 9257
GALLIAN WELKER,
& BECKSTROM, LC
540 E. St. Louis Avenue
Las Vegas, Nevada 89117
Telephone: (702) 892-3500
Facsimile:  (702) 386-1946
tbarrick@vegascase.com
*Attorneys for Plaintiff*
*In conjunction with the Legal*
*Aid Center of Southern*
*Nevada Pro Bono Pilot Project*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

REGINALD C. HOWARD,

          Plaintiff,

     v.

BRIAN CONNETT, et al.,

          Defendants.

Case No.:  2:11-CV-1402-RFB-GWF

**PLAINTIFF'S MOTION  IN LIMINE TO EXCLUDE DEFENDANTS' EXHIBIT 505**

     Plaintiff, Reginald C. Howard, through his attorney, Travis N. Barrick, Esq., of the law firm of Gallian Welker & Beckstrom, LC, in conjunction with the Legal Aid Center of Southern Nevada Pro Bono Pilot Project, hereby submits his Motion in Limine to Exclude Defendants' Exhibit 505. This Motion is based upon the papers and pleadings on file herein, the Points and Authorities below, and such oral argument that the Court chooses to entertain at the hearing thereon, if any.

### POINTS AND AUTHORITIES

#### I.     Background.

     This matter arises from a civil rights complaint by the Plaintiff, Reginald C. Howard, against various personnel employed by the Nevada Department of Corrections ("NDOC"). Mr. Howard is currently incarcerated at HDSP, in Indian Springs, NV.

By way of the Court's Order (#21), Discovery in this matter was closed on November 1, 2012.

On October 1, 2015, the Defendants filed and served their Trial Exhibit List (#135). Several days later, the Defendants delivered a binder of those Exhibits to the office of Mr. Howard's counsel.

On October 26, 2015, trial commenced in this matter. This was the first time that Mr. Howard had an opportunity to review the Defendants' Trial Exhibits. It was during trial that Mr. Howard informed counsel that he had never seen Exhibit 505.

## II.    Argument.

Defendants' Exhibit 505, first proffered by way of the Defendants' Trial Exhibit Binder on October 1, 2015, should be excluded from evidence.

### A. Exhibit 505 was not disclosed while discovery was open.

On its face, Exhibit 505 has a "Run Date" of December 18, 2013. Because discovery was closed on November 1, 2012, those exact documents could not have been disclosed during discovery. In fact, Exhibit 505 was not even generated until more than 1 year after the close of discovery.

In addition, upon information and belief, it does not appear that Exhibit 505 was included in any of the documents submitted in the various Motions that were filed in this matter.

### B. Exhibit 505 is hearsay and does not qualify for the Business records exception.

 FRCP 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted. Here, Exhibit 505 is an out-of-court statement offered for the truth of its contents.

Pursuant to FRCP 803 (6)(E), a hearsay document is admissible if "the opponent does not show that the source of the information or the method or circumstances of preparation indicate a lack of trustworthiness."

On its face, Exhibit 505 fails to meet the standard of trustworthiness for the following reasons:

There is no indication of the date upon which the various reports were entered into the fields of the document. On that basis alone, Exhibit 505 should be excluded because there is no evidence that it was made contemporaneous to the events it describes (FRCP 804(6)(A).

There is no indication of the identity of the person who took the statements and prepared the reports, nor is there a certification authenticating Exhibit 505 (FRCP 804(6)(D).

Without this information, is impossible for Mr. Howard have propounded discovery  upon or called as a witness the person who prepared Exhibit 505. Accordingly, the inclusion of Exhibit 505 as evidence in this trial would put Mr. Howard at a distinct disadvantage.

**III.    Conclusion.**

For the reasons set forth above, Mr. Howard requests that the Court enter an Order prohibiting the Defendants from offering into evidence Exhibit 505.

DATED this 30th day of October, 2015.

By: __/s/ Travis N. Barrick_____
Travis N. Barrick, # 9257
GALLIAN WELKER
& BECKSTROM, LC
*Attorneys for Plaintiff*
*In conjunction with the Legal*
*Aid Center of Southern*
*Nevada Pro Bono Pilot Project*

**CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing document was made on the 30th day of October, 2015, by filing in the Court's CM/ECF system and by US Mail, postage prepaid, to the following:

| | |
|---|---|
| Mercedes S. Menendez, Esq.<br>Jared M. Frost, Esq.<br>Deputy Attorney General<br>Office of the Nevada Attorney General<br>Bureau of Litigation, Public Safety Div.<br>555 E. Washington Avenue, Suite 3900<br>Las Vegas, NV 89101<br>*Attorneys for Defendants* | Ryan Klein<br>6661 Silver Stream Avenue, #1075<br>Las Vegas, NV 89107 |
| | Cheryl Burson<br>9068 Spoonbill Ridge Pl.<br>Las Vegas, NV 89143 |

By: /s/ Travis N. Barrick
An employee of Gallian Welker
& Beckstrom, LC